ORIGINAL

# In The United States Court of Federal Claims

No. 13-918 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: November 27, 2013)

FILED
NOV 27 2013
U.S. COURT OF
FEDERAL CLAIMS

ANTONIO COLBERT,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

## OPINION and ORDER

    On November 21, 2013, Antonio Colbert (plaintiff) filed a complaint seeking $500,000 in compensation relating to the dismissal of a prior complaint by the United States District Court for the District of Columbia.

    This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claim that plaintiff raises.

    With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. The only statute really cited by plaintiff in support of his jurisdictional claim – 42 U.S.C. § 1985 – deals with conspiracies to interfere with civil rights. This statute is not money-mandating and thus does not provide a basis for this court to exercise jurisdiction. *See May v. United States*, 2013 WL 3984993, at *2 (Fed. Cir. Aug. 6, 2013); *Moorish Science Temple*

*of Am. v. United States*, 2011 WL 2036714, at *5 (Fed. Cl. May 25, 2011); *Willis v. United States*, 96 Fed. Cl. 467, 470 (2011). It is well-settled that jurisdiction for civil rights claims lies exclusively in the district courts. *See McCauley v. United States*, 152 F.3d 948 (Fed. Cir. 1998); *Schweitzer v. United States*, 82 Fed. Cl. 592, 595 (2008).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge